# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TERRY L. SOHN & PAMELA L. SOHN | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 15-0636-CV-W-FJG |
| | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Countrywide Home Loans, Inc.'s Motion to Dismiss (Doc. No. 6). Plaintiffs did not file opposition to the pending motion, so the Court issued an Order to Show Cause on October 1, 2015, why defendant's motion should not be granted. Plaintiffs responded on October 21, 2015, indicating that they mailed their suggestions in opposition to the motion to dismiss to the Court via certified mail, but have never received the green card indicating that the Court had received their suggestions in opposition. Plaintiffs did not re-submit their suggestions in opposition to the motion to dismiss, however, so the Court ordered plaintiffs to file their suggestions in opposition to the motion to dismiss on or before November 23, 2015. On November 19, 2015, plaintiffs provided a response to the Court's order, indicating that their show cause response filed on October 21, 2015 was to serve both as their response to the motion to dismiss and their response to the show cause order. Therefore, the Court considers defendant's motion to dismiss as fully briefed.

## I. Background

Plaintiffs executed a note in favor of Countrywide for $104,000 on December 7, 2006. The deed of trust securing the note was executed by plaintiffs on November 16, 2006, and was recorded on December 7, 2006 in Clay County, Missouri. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and secured the residential property located at 5221 NE 59th Terrace, Kansas City, Missouri 64119 (the "Property"). Defendant asserts that plaintiffs stopped making payments on the Note and Deed of Trust (collectively, the "Loan") in November 2013.

On July 14, 2015, plaintiffs filed their Complaint to Quiet Title in the Circuit Court of Clay County, Missouri. Defendant removed this action on August 24, 2015. Plaintiffs allege that defendant has no interest in the Loan, and that defendant has concealed the identities of the owner, holder, and lender of the Note by naming MERS as the beneficiary. Plaintiffs allege that the Loan has been securitized, and that this violates their rights. Plaintiffs have asserted the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) quiet title.

Defendant moves to dismiss because (1) the complaint consists of unsupported legal conclusions that do not satisfy the pleading requirements of the Federal Rules; and (2) even assuming the facts pled are true, those facts do not demonstrate a violation of the terms of the Note and Deed of Trust.

## II. Standard

When ruling on a defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56

(2007). A plaintiff need not provide specific facts in support of his allegations. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. <u>Twombly</u>, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. <u>Id</u>. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. <u>Id</u>. at 556.

## III.   Analysis

Defendant argues that plaintiffs lack standing to challenge the securitization of the Loan. See <u>Wright v. Deutsche Bank Nat'l Trust Co.</u>, No. 12-05120-CV-SW-GAF, Doc. No. 59, p. 8 (W.D. Mo. Sept. 23, 2013)("A judicial consensus has developed holding that a borrower lacks standing to . . . challenge the validity of a mortgage securitization."). Additionally, defendant argues that plaintiff lack standing to dispute the authority of the MERS signatory on the assignment because plaintiffs were not parties to the assignment agreements and were not the intended beneficiary. See <u>Williams v. U.S. Bank Nat'l Ass'n</u>, No. 10-14967, 2011 WL 2293260, *1 (E.D. Mich. June 9, 2011).

With respect to plaintiffs' claim for breach of contract, defendant argues that

3

plaintiffs have failed to plead sufficient facts in support of the elements of their claim. The elements of a breach of contract claim under Missouri law are: (1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) breach; and (4) damages. Town and Country Appraisals, LLC, v. Hart, 244 S.W.3d 187, 189 (Mo. App. 2007). Defendant argues that plaintiffs have not provided facts in support of their claim, but rather have provided only bald legal conclusions that defendant "concealed" or "refused" to provide the name of the lender, and plaintiffs were therefore prevented from performing their obligations under the Deed of Trust. See Complaint, Doc. No. 1-2, ¶¶ 26-28, 30-32. Furthermore, defendant asserts that it has at all times acted in accordance with the terms of the Loan, as under the terms of the note, there is no requirement that Countrywide give plaintiffs notice of the current holder of the note. Therefore, Countrywide could not be in breach of contract.

With respect to Count II, breach of the covenant of good faith and fair dealing, defendant again argues that plaintiffs have not pled facts in support of their claim. Additionally, defendant notes that it has always acted in accordance with the terms of the note. Furthermore, defendant argues that the claim for breach of the covenant of good faith and fair dealing is duplicative of plaintiff's breach of contract claim.

Finally, with respect to Count III, for quiet title relief, defendant argues that plaintiffs do not have superior title in the property to Countrywide. In Missouri, a plaintiff seeking quiet title relief "must prevail on the strength of [her] own title and not on any weakness in the title of the other party." Ollison v. Vill. Of Climax Springs, 916 S.W.2d 198, 203 (Mo. 1996). Here, plaintiffs have not pled facts demonstrating that they have superior title in the property; instead, the only facts they have pled relate to alleged

4

irregularities in the paperwork that somehow render the Loan null and void as to defendant.

In response to the arguments raised by defendant, plaintiff cites certain case law setting out the standard on motions to dismiss (Doc. No. 13-1, p. 2), asserts that "The Complaint not only specified the facts, but also set forth the statutes that were violated and the fact that Defendant was already convicted for the precise conduct which led to the Plaintiff bringing this action,"[1] (id.), and then plaintiffs re-assert what they call the most pertinent facts supporting their causes of action (Doc. No. 13-1, pp. 3-4). The facts re-asserted by plaintiffs discuss securitization and paragraphs of the Deed of Trust which require defendant in certain circumstances to provide notices to plaintiffs, but which do not require giving notice when the note is sold, see Ex. 3 to Complaint, Doc. No. 1-2, ¶ 20, which provides "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. Plaintiffs do not address the specific argument raised regarding their failure to plead sufficient facts as opposed to legal conclusions, or defendant's argument that they complied with the terms of the Note and Deed of Trust.

After review of the Note and Deed of Trust, as well as plaintiffs' complaint, the Court finds that the motion to dismiss must be granted, as plaintiffs have no standing to pursue a cause of action related to the securitization of the Loan. Furthermore, it appears that defendant was not required to provide the notice plaintiffs demand under the terms of the Note and Deed of Trust. Plaintiffs cannot demonstrate a breach of

---

[1] The Court cannot determine from the Complaint any criminal conduct on behalf of defendant which is the "precise conduct" for which plaintiffs bring this action.

5

contract, breach of the covenant of good faith and fair dealing, or superior title under these circumstances. Accordingly, defendant's motion to dismiss (Doc. No. 6) is **GRANTED.**

IV. **Conclusion**

For the foregoing reasons, the motion to dismiss (Doc. No. 6) is **GRANTED.**

The Clerk of the Court is directed to send a copy of this Order to plaintiffs by regular United States mail and by certified mail, return receipt requested, at the following address:

Terry L. Sohn and Pamela L. Sohn
5221 NE 59th Terrace
Kansas City, MO 64119

**IT IS SO ORDERED.**

Date: December 1, 2015　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge